# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

WADE HOPKINS,

    Plaintiff,

    v.                                                     Case No. 4:17-cv-24-JVB-PRC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

## OPINION AND ORDER

Plaintiff Wade Hopkins seeks judicial review of the Social Security Commissioner's decision denying him disability benefits and asks this Court to remand the case. For the reasons below, this court remands the ALJ's decision.

**A.**     **Overview of the Case**

Plaintiff states that he became disabled on March 1, 2013. (R. at 40.) Plaintiff worked as a cost accountant from January 1991 until he was laid off in October 2009 and has not worked since. (R. at 42, 228.) Mr. Hopkins filed a claim for disability on the basis of depression, hypertension, obesity, and degenerative disc disease. After hearing the evidence, the Administrative Law Judge ("ALJ") found that Mr. Hopkins had a sufficient residual functional capacity to perform his past relevant work. (R. at 31.) After finding at step four of the analysis that Mr. Hopkins could perform past relevant work, the ALJ denied the claimant's disability benefit request. (R. at 32.)

## B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## C. Disability Standard

To determine eligibility for disability benefits under the Social Security Act, the ALJ will perform a five-step inquiry:

> "(1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy."

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The burden of proof resides with the claimant for the first four steps, shifting to the Commissioner for determination of disability at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.     Analysis**

The ALJ committed three reversible errors: (1) the ALJ improperly cites Plaintiff's lack of compliance with a treatment regimen without exploring reasons for Plaintiff's non-compliance (Pl.'s Br. at 18.); (2) the ALJ did not sufficiently support the weight accorded to Plaintiff's mother's Third Party Function Report; (Pl. Br. at 18.); and (3) the ALJ did not sufficiently develop the evidence that plaintiff could perform past relevant work. (Pl.'s Br. at 9.).

*(1)  Failure to follow recommended medical treatment*

First, Plaintiff argues that the ALJ used non-compliance with his treatment regimen as evidence of a lack of severity of Plaintiff's conditions. (Pl.'s Br. at 18.). It is improper for an ALJ to cite lack of compliance with a treatment regimen as a reason to distrust the Plaintiff's subjective complaints unless the ALJ explores the Plaintiff's reasons for non-compliance, including financial burden as a reason. *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) (an ALJ errs where he weighs a petitioner's lack of compliance with medical treatment without exploring petitioner's reasons for that lack of compliance). Even though the ALJ may reach the same conclusion after exploring the plaintiff's reasons for noncompliance, that exploration must be made.

Here, similar to *Craft*, Plaintiff explained that he failed to comply with his medical regimen and recommended course of treatment because he had no money. (R. at 347.) In fact, the record is replete with references to Plaintiff's financial straits. For example, he stated as much to the ALJ at the hearing. (R. at 51). Plaintiff also discussed his financial woes throughout his treatment (R. at 293, 334, 335.). His case management file from his treatment also noted his need to obtain his prescriptions at the price he was used to paying. (R. at 339). Plaintiff also stated that his lack of insurance was preventing him from getting proper care. (R. at 347). Collectively,

these provide support for Plaintiff's contention that lack of compliance with a treatment regimen was due to the financial burden on Plaintiff. If the ALJ cites non-compliance as evidence of lack of severity of Plaintiff's conditions, the ALJ must explore the reasons for that non-compliance.

*(2) Failure to Properly Evaluate Plaintiff's Mother's Third Party Function Report*

When evaluating the weight to assign to a Third Party Function Report, SSR 16-3p states that an "adjudicator will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file." SSR 16-3p. Implicit within SSR 16-3p is a requirement that an adjudicator either assign appropriate weight to a Third Party Function Report or indicate how that report is inconsistent with either the plaintiff's statements or the overall record. Here, the ALJ failed to properly support his reasoning for according little weight to the report, citing only the reporter's lack of medical training and the reporter's parental relationship with the plaintiff. (R. at 31.)

Lack of medical training is not a reason to accord little weight to a Third Party Function Report. The section of SSR 16-3p which requires the adjudicator to consider an individual's personal observations of the plaintiff is entitled "Non-Medical Sources." SSR 16-3p(2)(c) (describing non-medical sources which the adjudicator should consider in making a disability determination). Therefore, lack of medical training cannot be a reason to discard this evidence. Nor can a family relationship be the sole reason for discrediting this type of reporting. Under SSR 16-3p, sources which are to be considered explicitly include "non-medical sources such as family." SSR 16-3p(2)(c). For these reasons, the ALJ's decision to accord little weight to the Third Party Function Report because Plaintiff's mother lacked of medical training and because of her familial status is improper.

**E.     Conclusion**

The ALJ did not explore the plaintiff's explanations for his failure to follow his treatment regimen and did not properly explain how weight was accorded to the Third Party Function Report. For these reasons, the Court remands the ALJ's decision for further consideration consistent with this opinion.

SO ORDERED on March 29, 2019.

       S/ Joseph S. Van Bokkelen
       JOSEPH S. VAN BOKKELEN
       UNITED STATES DISTRICT JUDGE